UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAVID E. NILES, | CASE NO. 3:24-cv-05597-MJP |
| Plaintiff, | ORDER GRANTING MOTION TO DISMISS |
| v. | |
| UNITED STATES; and ROBERT FERGUSON, as Attorney General of the State of Washington, | |
| Defendants. | |

This matter comes before the Court on Defendant Robert Ferguson's Motion to Dismiss (Dkt. No. 7.) Having reviewed the Motion, Plaintiff David Niles's Response (Dkt. No. 13), the Reply (Dkt. No. 14), and all supporting materials, the Court GRANTS the Motion.

**BACKGROUND**

In August 2023, Monika Niles filed for a protection order in Thurston County Superior Court, alleging that Plaintiff David Niles abused her over the course of their 34-year relationship. (Declaration of Amy Hand (Dkt. No. 8) Ex. 2.) Both parties were represented by counsel and

given opportunity to be heard at a hearing later that month, where the court found Niles engaged in a "very substantial, very dangerous" pattern of domestic abuse. (Hand Decl. Ex. 3 at 16.) Specifically, the court found:

> by a preponderance of evidence, that the petitioner proved a history of substantial domestic violence by the respondent to the petitioner in the following manners: 1) a history of countless assaults, including strangulation, rendering the petitioner unconscious, pushing her down the stairs, repeatedly purposefully hitting her with his body and objects and then denying it was purposeful, and poisoning her drink; 2) coercive control to include control through threats to the petitioner's immigration status, severe mental abuse, social isolation, denial of medical care for injuries that he caused and for other medical needs, and financial control; and 3) both unlawful harassment and stalking through the previously-described behaviors.

(Hand Decl. Ex. 4 at 10.)

Despite those findings, Niles notes that "it is relevant that [Monika] did not allege [Niles] to have ever used or threatened to use a firearm against her." (First Amended Complaint (Dkt. No. 12.) at III.2.)

At the conclusion of the hearing, the state court entered a domestic violence protection order against Niles, which was set to lapse on August 24, 2073. (Hand Decl. Ex. 4.) Because Niles "represent[ed] a credible threat to [Monika's] safety," the court ordered him to surrender his firearms under RCW § 9.41.800(2). (Id. at 2, 8.) And because Niles was now subject to a protection order, he was prohibited from possessing firearms under Washington law. See RCW § 9.41.040(2)(a)(ii) (criminalizing possession of a firearm by a "person subject to a protection order.").

Niles moved to reduce the duration of the protection order to one year, arguing that his Second Amendment rights would otherwise be violated. (Hand Decl. Exs. 5, 6.) Specifically, he argued a 50-year protection order imposed on a plaintiff in his mid-50s was akin to the type of lifetime restriction that several federal appellate courts had criticized in the wake of District of

1 | Columbia v. Heller, 554 U.S. 570 (2008). (Hand Decl. Ex. 6.) He further relied on N.Y. State
2 | Rifle & Pistol Ass'n v. Bruen, 597 U.S. 1 (2022), to argue a duration of one year would adhere to
3 | the "Nation's historical tradition of firearm regulation." (Id.)

4 | On review, the state court partially granted Niles's motion by reducing the duration of the
5 | protection order to 40 years but left the terms of the order—including the prohibition on
6 | possessing firearms—unchanged. (Hand Decl. Ex. 7.) In doing so, the court addressed Niles's
7 | Second Amendment concerns, finding his arguments regarding the historical tradition of firearm
8 | regulations mired in an "evolving," but ultimately unsettled, area of law. (Dkt. No. 13-1 at 16–
9 | 17.) The court also found the protection order complied with Washington law and rejected
10 | Niles's as-applied constitutional challenge to the statutory scheme. (Id. at 15–16.) Niles did not
11 | appeal to the state appellate court. (Hand Decl. Ex. 1.)

12 | Niles then brought this lawsuit in federal court, alleging that the protection order's
13 | prohibition on his possession of firearms amounted to an unconstitutional restriction on his
14 | Second Amendment rights. (FAC at III.10.) He specifically challenges 18 USC § 922(g)(8),
15 | RCW § 9.41.040(2)(a)(ii), and RCW § 9.41.800, and asks that they be invalidated as applied to
16 | him. (Id. at III.11.) Defendant Ferguson now moves to dismiss. (Dkt. No. 7.)

17 | **ANALYSIS**

18 | **A.    Legal Standard**

19 | Under Fed. R. Civ. P. 12(b)(6), the Court may dismiss a complaint for "failure to state a
20 | claim upon which relief can be granted." In ruling on a motion to dismiss, the Court must
21 | construe the complaint in the light most favorable to the non-moving party and accept all well
22 | pleaded allegations of material fact as true. Livid Holdings Ltd. v. Salomon Smith Barney, Inc.,
23 | 416 F.3d 940, 946 (9th Cir. 2005); Wyler Summit P'ship v. Turner Broad. Sys., 135 F.3d 658,
24 |

661 (9th Cir. 1998). Dismissal is appropriate only where a complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  The plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.

**B.    Rooker-Feldman**

Ferguson argues that Niles' challenge should be dismissed as "forbidden de facto appeal under Rooker-Feldman," over which the Court lacks subject matter jurisdiction. (Mot. at 13–15.) The Court agrees.

The Rooker-Feldman doctrine "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). Under Rooker–Feldman, "federal district courts are without jurisdiction to hear direct appeals from the judgments of state courts." Cooper v. Ramos, 704 F.3d 772, 777 (9th Cir. 2012). This jurisdictional bar extends over both "an action explicitly styled as a direct appeal, but also over the 'de facto equivalent' of such an appeal." Id. (citing Noel v. Hall, 341 F.3d 1148, 1155 (9th Cir. 2003)). However, the doctrine does not bar an "independent claim" that, though similar or even identical to issues aired in state court, was not the subject of a previous judgment by the state court. Cooper, 704 F.3d at 778 (citing Skinner v.

1  Switzer, 562 U.S. 521, 532 (2011)). In that that instance, the "statute or rule governing the
2  decision may be challenged in a federal action." Skinner, 562 U.S. at 532.

3        Here, Niles's challenge to the federal and state firearm statutes is the type of purely
4  horizontal relief prohibited by Rooker-Feldman. Niles challenges a particular outcome in his
5  state case, specifically the state court's imposition of a protection order prohibiting him from
6  possessing firearms for 40 years.  And because he "challenges the particular outcome in his state
7  case, it is immaterial that [Niles] frames his federal complaint as a constitutional challenge to the
8  state court's decision, rather than as a direct appeal of that decision." Hooper v. Brnovich,
9  56 F.4th 619, 626 (9th Cir. 2022) (cleaned up). Furthermore, Niles's claims would only fall
10 within the Court's jurisdiction "so long as [he] did not seek review of the [firearm statute's]
11 application in [his] particular case." See Exxon 544 U.S. at 286 (discussing D.C. Ct. of Appeals
12 v. Feldman, 460 U.S. 462, 486–87 (1983)). Niles does not mount a facial challenge to the firearm
13 statutes; his complaint seeks the invalidation of the firearm statutes as applied to him. (See FAC
14 ¶ 11.)

15       Niles argues that the state court's decision to issue the protection order and his as-applied
16 challenge to the firearm statutes are not so "inextricably intertwined" as divest the Court of
17 subject matter jurisdiction. (Resp. at 3.) Specifically, he claims to "not ask this Court to
18 terminate [the protection order], invalidate it, set it aside, vacate it, . . . declare it void[, or] . . .
19 change the order's duration," but rather "seeks relief from the firearm statutes," noting that the
20 two are "separate and distinct concepts." (Id.) The Court disagrees. The state court relied upon
21 the firearm statutes when it issued the protection order prohibiting Niles's possession of firearms.
22 (See Hand Decl. Ex. 7 at 2, 8.) And it did so fully aware of Niles's Second Amendment
23 arguments, which he raised during his motion to modify the protection order, (see Hand Decl.
24

Ex. 6,) but were ultimately rejected by the state court, (see Dkt. No. 13-1 at 14–15.) Because invalidating the firearm statutes would "effectively reverse the state court decision," Hooper, 56 F.4th at 624–25, the Court finds that Niles's constitutional argument is barred by Rooker-Feldman.

Having determined that it does not have subject matter jurisdiction over Niles's claims, the Court DISMISSES the Complaint without prejudice. See Frigard v. United States, 862 F.2d 201, 204 (9th Cir. 1988) (dismissals for lack of subject matter jurisdiction "should be without prejudice so that a plaintiff may reassert his claims in a competent court."). Lacking subject matter jurisdiction, the Court declines to consider Defendant's remaining arguments. (Mot. at 11–15.)

## CONCLUSION

Niles's claims are a de facto appeal of the state court's decision to issue a protection order which included a prohibition on his continued possession of firearms. As such, the dispute falls outside of the subject matter jurisdiction of this Court. Therefore, the Court GRANTS Defendant's motion. Niles's complaint is DISMISSED without prejudice.

The clerk is ordered to provide copies of this order to all counsel.

Dated November 7, 2024.

Marsha J. Pechman
United States Senior District Judge